UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| QUANTRUS TERRELL GREEN | CIVIL ACTION NO. 25-696-P |
| VERSUS | JUDGE DOUGHTY |
| JENNIFER JACKSON | MAGISTRATE JUDGE HORNSBY |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Quantrus Terrell Green ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on May 20, 2025. Plaintiff is detained at the Caddo Correctional Center in Shreveport, Louisiana. He names Nurse Jennifer Jackson as defendant.

On April 5, 2025, Plaintiff was arrested after a physical altercation with an officer. He claims that during the altercation, his right thumb was broken in two places. After Plaintiff's arrest, he was detained in the mental health unit at Caddo Correctional Center.

Plaintiff complains that Nurse Jennifer Jackson denied him professional medical attention in a timely manner for his broken thumb. He claims Nurse Jackson denied him access to LSU Medical Center for treatment and his thumb healed improperly. Specifically, Plaintiff claims he was denied the opportunity to have his thumb placed in a

cast and/or to have pins inserted. Plaintiff alleges his thumb will have to be rebroken for proper healing and he will suffer excessive pain. He claims his hand was not bandaged. He claims Nurse Jackson did not properly and effectively treat his pain for an excessive amount of time. He claims there was a two week delay in taking x-rays of his thumb.

Plaintiff also claims Nurse Jackson refused him the medication that he was prescribed before his arrest. He claims the medication was for a serious infection that caused scabs in the ears and nose.

Plaintiff admits that he was seen by the medical staff at Caddo Correctional Center numerous times for sick calls. However, Plaintiff disagrees with the medical treatment that he received.

Plaintiff admits that on April 10, 2025, he was placed on the sick call list and given Tylenol.

Plaintiff admits that on April 24, 2025, he was examined by Nurse Jackson and x-rayed. He claims his x-rays showed that his thumb was broken in two places. He claims Nurse Jackson stated that the break was old. Plaintiff requested medical assistance at LSU because of excessive pain and nerve issues in his thumb. He claims Nurse Jackson denied his request for treatment at LSU. Plaintiff admits he was given IBU. He also admits that Dr. Nelson added 600 mg of IBU for 30 days and 250 mg of Tylenol.

Plaintiff claims that on April 27, 2025, Nurse Jackson told him that his wound was too old and gave him IBU. He claims Nurse Jackson denied his request for medical attention at LSU. He claims Nurse Jackson refused to get his prescription from Rite

Pharmacy for the scabs in his ears. Plaintiff admits Nurse Leone reordered his IBU. He also admits that his thumb was x-rayed.

Plaintiff claims that on April 28, 2025, he wrote to Nurse Kelly and Nurse Jackson requesting medical assistance at LSU. He claims he also questioned them about his prescription. He states that Nurse Kelly and Nurse Jackson refused both of his requests.

Plaintiff claims that on May 5, 2025, he wrote to Sheriff Whitehorn and Sgt. Frank Edmondson requesting medical attention at LSU and to inform them of his problems seeking professional medical attention. He claims they instructed him to make a sick call. He admits he was given additional IBU.

Plaintiff claims that on May 30, 2025, he saw a nurse. He admits he was examined and given Tylenol.

Plaintiff claims that on June 19, 2025, Dr. Nelson informed him that his right thumb was broken in two places. He admits Dr. Nelson ordered another x-ray. Plaintiff told Dr. Nelson that the nerves in his thumb caused him extreme pain. He admits that he was provided Tylenol and IBU. He claims Dr. Nelson told him that he had to have his thumb properly repaired after his release.

Plaintiff admits that on July 12, 2025, Nurse Steve Procell reordered his pain medications after his sick call visit in the infirmary.

Plaintiff claims his thumb is broken in two places and he suffers from extreme nerve irritation. He claims his thumb still appears swollen and crooked because the bone is not in the proper place. He claims he uses extreme caution when performing duties.

Accordingly, Plaintiff seeks monetary compensation and costs.

## LAW AND ANALYSIS

Plaintiff, a pretrial detainee, alleges that he was denied proper medical treatment for a broken thumb. He also claims he was denied medication for scabs in his ears and nose that was prescribed prior to his arrest.

The standard to apply in analyzing a denial of medical care or inadequate medical care claim asserted by a pre-trial detainee depends upon whether the claim is directed to a "condition of confinement" or to an "episodic act or omission." Scott v. Moore, 114 F.3d 51, 53 (5th Cir. 1997), quoting Hare v. City of Corinth, 74 F.3d 633, 644 (5th Cir. 1996).

In Nerren v. Livingston Police Dept., 86 F.3d 469 (5th Cir. 1996), the Fifth Circuit classified a case involving the alleged denial of adequate medical care to an arrestee as an episodic case. In that case, the Court applied a deliberate indifference standard stating, "a state official's episodic act or omission violates a pretrial detainee's due process right to medical care if the official acts with subjective deliberate indifference to the detainee's rights." The Court then defined subjective deliberate indifference as "subjective knowledge of a substantial risk of serious medical harm, followed by a response of deliberate indifference." Nerren, 86 F.3d at 473. This is the same standard applicable to convicted prisoners,[1] that is, the alleged acts or omissions must be "sufficiently harmful to evidence

---

[1] The Eighth Amendment applies to convicted prisoners. There are two requirements that must be met to show that a prison official has violated the Eighth Amendment. The first is an objective requirement that the inmate alleges a sufficiently serious deprivation. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811, 823 (1994). Second, only the unnecessary and wanton infliction of pain implicates the Eighth Amendment. A prison official must have a sufficiently culpable state of mind, defined as deliberate indifference or knowing disregard of an excessive risk to inmate health or safety. Farmer, 128 L.Ed.2d at 825; Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). Under this standard, a lack of proper inmate medical care can be cruel and unusual

deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Thus, Plaintiff must allege and be able to prove that each named Defendant has been deliberately indifferent to his serious medical needs or the claim is subject to dismissal as frivolous. Graves v. Hampton, 1 F.3d 315, 319-20 (5th Cir. 1993). Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind; thus, the test is "subjective recklessness" as used in the criminal law. Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997).

A delay in medical care will violate the Eight Amendment only if the delay is based on deliberate indifference and results in substantial harm. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993). Also, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997). The fact that Plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992).

The record does not contain facts or allegations which sufficiently show that the named Defendant has been deliberately indifferent to any serious medical needs of

---

punishment only if it is "sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285 (1976).

Plaintiff. As discussed above, a constitutional violation requires a sufficiently serious deprivation and deliberate indifference on the part of the defendant prison official. Farmer, supra. To the contrary, the record demonstrates that Defendants were attentive to the medical needs of Plaintiff. It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs. Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997); Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992). Plaintiff admits that he received medical attention on April 10, 2025, April 24-27, 2025, April 28, 2025, May 24, 2025, May 30, 2025, June 19, 2025, and July 12, 2025. Plaintiff admits that he was provided Tylenol and Ibuprofen for his pain. He also admits that he received x-rays for his thumb and a doctor visit with Dr. Nelson.

Plaintiff complains he should have been given the medication prescribed prior to his arrest for the scabs in his ears and nose. In Stewart v. Murphy, 174 F.3d 530, 535 (5th Cir. 1999), the Fifth Circuit found that the failure of a prison doctor to follow the recommendations of an outside treating physician did not present a material fact issue for deliberate indifference. Rather, it indicated that the doctors had differing opinions as to the appropriate method of treatment under the circumstances. Therefore, the medical staff was under no obligation to follow the recommendations of the non-prison physician.

Plaintiff argues he should have received medical treatment at LSU Medical Center. He argues his thumb should have been placed in a cast or pins should have been inserted. He argues that his pain should have been treated differently. He argues that his hand should

Page **6** of **8**

have been x-rayed sooner. He argues that his hand should have been bandaged. As previously discussed, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. Furthermore, Plaintiff does not allege how the alleged two week delay in being x-rayed was based on deliberate indifference.

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort. However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of the Defendant do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988).

Accordingly, Plaintiff's claims should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 4th day of December 2025.

Mark L. Hornsby
U.S. Magistrate Judge